NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER

**Electronically Filed
Intermediate Court of Appeals
CAAP-10-0000197
12-SEP-2012
08:02 AM**

NO. CAAP-10-0000197

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


HOME & COMMUNITY SERVICES OF HAWAII, INC.,
a Hawaii Corporation; PREFERRED HOME & COMMUNITY BASED
SERVICES, INC., a Hawaii Corporation; and ALOHA
HABILITATION SERVICES, INC., a Hawaii Corporation,
Petitioners-Appellants/Appellants,
v.
HAWAII EMPLOYERS' MUTUAL INSURANCE COMPANY, INC.,
Intervenor-Appellee/Appellee


APPEAL FROM THE LABOR AND INDUSTRIAL RELATIONS APPEALS BOARD
(CASE NO. AB 2008-521(WC 08-01))

MEMORANDUM OPINION
(By: Foley, Presiding J., Fujise and Reifurth, JJ.)

Petitioners-Appellants/Appellants Home & Community Services of Hawaii, Inc., Preferred Home & Community Based Services, Inc., and Aloha Habilitation Services, Inc. (the Service Providers) appeal from the August 12, 2010 Decision and Order (D&O) by the State of Hawaiʻi Labor and Industrial Relations Appeals Board (LIRAB) dismissing Service Providers' administrative appeal for lack of jurisdiction.

On appeal, the Service Providers contend LIRAB erred when it entered the following orders:

(1)  The December 19, 2008 order denying the Service Providers' motion to stay the October 22, 2008 Declaratory Ruling (Declaratory Ruling), issued by the State of Hawaiʻi Department of Labor and Industrial Relations Director (the Director).

(2)   The August 12, 2010 D&O dismissing the Service Providers' appeal from the Declaratory Ruling for lack of jurisdiction.

(3)   The November 10, 2010 "Order Denying [the Service Providers'] Motion for Reconsideration."

I.

The Hawai'i State Department of Human Services (DHS) contracted with the Service Providers to provide Medicaid Waiver Services to elderly and disabled adults.  The Service Providers provided these services by subcontracting with various individual subcontractors who provided the direct, in-home services.  DHS paid the Service Providers, who then paid the Medicaid Waiver Services subcontractors (subcontractors) for their services.

In the years 2004-06, the Service Providers obtained workers' compensation insurance for their employees, but not for their subcontractors, based on a belief that the subcontractors were exempt from "employment" under the "domestic exemption" provided under the then-existing Hawaii Revised Statutes (HRS) § 386-1(6) (Supp. 2006).[1]

On February 17, 2005, the Director issued a declaratory ruling in In re Manawa Lea Health Services, Inc. (the Manawa Lea Decision), in which he determined the "domestic exemption" did not apply to subcontractors in a similar position with another service provider.  After the Manawa Lea Decision was rendered, Intervenor-Appellee/Appellee Hawaii Employers' Mutual Insurance Company, Inc. (HEMIC) sought unpaid current and back workers' compensation insurance premiums from the Service Providers for their subcontractors for the years 2004-06.

---

[1]   HRS § 386-1 (Supp. 2006) provided, in pertinent part:
    . . . .

    "Employment" does not include the following service:
    . . . .

    (6) Domestic, which includes attendant care, and day care
    services authorized by the department of human services under the
    Social Security Act, as amended, performed by an individual in the
    employ of a recipient of social service payments[.]

On May 13, 2008, the Service Providers petitioned the Director for a declaratory ruling on whether its subcontractors were excluded from "employment" under HRS § 386-1(6) for the years 2004-06.

On October 22, 2008, the Director entered his Declaratory Ruling, declaring that the "domestic exemption" under HRS § 386-1(6) only applied to persons who were recipients of social services <u>and</u> social service payments. Because the Service Providers received social service <u>payments</u>, but not social services, the Director ruled that the subcontractors were not excluded from "employment" under HRS § 386-1. The effect of the ruling was that the Service Providers could be liable to HEMIC for unpaid current and back workers' compensation insurance premiums for the subcontractors for the years 2004-06.

On November 10, 2008, the Service Providers appealed from the Declaratory Ruling to LIRAB. On November 20, 2008, the Service Providers filed a motion to stay the Declaratory Ruling. On December 19, 2008, the LIRAB denied the motion for a stay.

On August 12, 2010, LIRAB entered its D&O, dismissing the Service Providers' November 10, 2008 appeal for lack of jurisdiction. On September 1, 2010, the Service Providers moved for LIRAB to reconsider its D&O.

On November 10, 2010, LIRAB denied the Service Providers' motion to reconsider LIRAB's D&O. On November 30, 2010, the Service Providers filed a notice of appeal to this court from LIRAB's D&O.

## II.

HRS § 91-8 (1993) provides that "[a]ny interested person may petition an agency for a declaratory order as to the applicability of any statutory provision[.]" It is each agency's responsibility to "adopt rules prescribing the form of the petitions and the procedure for their submission, consideration, and prompt disposition." HRS § 91-8. Because "[r]ulings disposing of petitions have the same status as agency decisions or orders in contested cases[,]" declaratory orders under

3

HRS § 91-8 are appealable pursuant to HRS § 91-14 (1993 & Supp. 2011) See Citizens Against Reckless Dev. v. Zoning Bd. of Appeals of City & Cnty. of Honolulu, 114 Hawai'i 184, 199 n.18, 159 P.3d 143, 158 n.18 (2007) (citation omitted). HRS § 91-14(b) provides for judicial review by the circuit court, "except where a statute provides for a direct appeal to the intermediate appellate court[.]" HRS § 386-73 (Supp. 2011) is just such a statute.

HRS § 386-73 provides that the Director "shall have original jurisdiction over all controversies and disputes arising under [Chapter 386]." HRS § 386-73 further provides that a party may appeal a decision or ruling of the Director "to the appellate board [LIRAB] and thence to the intermediate appellate court[.]" HRS § 386-73.

Therefore, the process provided under HRS § 91-14(b) to appeal to the circuit court from a declaratory ruling is superseded by HRS § 386-73, which provides for a direct appeal to the LIRAB. Ras v. Hasegawa, 53 Haw. 640, 641, 500 P.2d 746, 747 (1972); see also Travelers Ins. Co. v. Hawaii Roofing Inc., et al., 64 Haw. 380, 384, 641 P.2d 1333, 1336 (1982) ("[T]he legislature has removed the circuit court from the adjudicative process in workers' compensation."). Furthermore, under HRS § 371-4, LIRAB's jurisdiction includes deciding appeals from decisions and orders of the Director "issued under [Chapter 386][.]"

LIRAB erred when it dismissed the Service Providers' appeal from the Director's October 22, 2008 Declaratory Ruling. LIRAB mistakenly described the appeal as one requiring it to determine "the validity of a statute or agency rule;" in other words, LIRAB would need to rule on the constitutionality of HRS § 386-1(6).

We recognize that an administrative agency "generally lacks power to pass upon constitutionality of a statute." HOH Corp. v. Motor Vehicle Ind. Licensing Bd., et al., 69 Haw. 135, 141, 736 P.2d 1271, 1275 (1987). In this case, however, the

Service Providers did not challenge the constitutionality of HRS § 386-1(6). The Service Provicers merely sought a declaratory ruling on the statute's application to their subcontractors, asking the Director to declare that the subcontractors were independent contractors, not employees, and thereby excluded from "employment" under the "domestic exemption" found in HRS § 386-1(6). The Director undertook an analysis of the statutory construction and legislative history of HRS § 386-1 to determine that the subcontractors were not covered by the "domestic exemption." LIRAB was not asked to address the constitutionality of a statute, but instead, was asked to address the Director's analysis of the statute's applicability to the Service Providers. Pursuant to HRS § 386-73, LIRAB had jurisdiction to hear the Service Providers' appeal of the Director's Declaratory Ruling.

### III.

The August 12, 2010 Decision and Order by the State of Hawai'i Labor and Industrial Relations Appeals Board is vacated and this case is remanded for further proceedings on the merits.

DATED: Honolulu, Hawai'i, September 12, 2012.

On the briefs:

Kenneth M. Nakasone
Jesse W. Schiel
Thao T. Tran
(Kobayashi, Sugita & Goda)
for Petitioners-
Appellants/Appellants.

Jeffrey S. Portnoy
Calvert G. Chipchase
Amanda M. Jones
(Cades Schutte)
for Intervenor-
Appellee/Appellee.

Presiding Judge

Associate Judge

Associate Judge

5